**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DERK L. ALLABEN,

        Plaintiff,

vs.                                            Case No. 3:13-cv-398-J-99TJC-JRK

ELIZABETH H. HOWANITZ, FREDERICK
R. BROCK and KRISTINA MILLER,

        Defendants.

## ORDER

Plaintiff Derk L. Allaben, proceeding pro se, filed this complaint against two attorneys and an insurance adjuster who he claims conspired with two state court judges to violate Allaben's due process rights during the course of a legal malpractice case Allaben brought against defendant Frederick Brock and Brock's law firm, Gartner, Brock and Simon. Defendant Elizabeth Howanitz represented Brock and his firm in that matter and defendant Kristina Miller was the adjuster for Brock's professional liability insurance carrier.

Defendants have moved to dismiss Allaben's complaint for failure to state a claim, contending that, as private individuals, they cannot be held liable under 42 U.S.C. § 1983, which recognizes a cause of action against a party who deprives an individual of a federal right while acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). In responding to the motion, Allaben argues that the facts here fall within an exception to the general rule against holding private parties liable under § 1983. However, "[o]nly in rare circumstances can a private party be viewed as a state actor for §

1983 purposes." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992).[1] Plaintiff's complaint essentially alleges that the defendants had as an objective to successfully defend his legal malpractice lawsuit and that, in furtherance of that objective, they conspired with two state court judges to violate plaintiff's civil rights. While plaintiff describes various actions which he alleges are demonstrative of the state court judges' participation in and knowledge of the conspiracy, the allegations describe typical events that might occur in the course of any state court lawsuit and which do not in any way support even an inkling that there was an effort by any of those involved to deprive plaintiff of his civil rights. That plaintiff lost his case when the court eventually granted defendants' motion for summary judgment does not make the defendants here co-conspirators with each other or the state court judges. As explained in Harvey, "[u]se of the courts by private parties does not constitute an act under color of state law." Id. at 1133. Even under the liberal pleading standards of Rule 8, and notwithstanding the generous leeway afforded to pro se parties, the Court finds plaintiff has not stated a claim; further it appears that any amendment would be futile,[2] and therefore defendants' motion to dismiss (Doc. 7) is hereby **granted**. This case is dismissed with

---

[1] In Harvey, the Eleventh Circuit explained that if a judge had knowledge of a plan to deprive a party of her civil rights, private parties who conspired with the judge by providing false statements could be found liable under § 1983; however, the allegations in Harvey failed to allege any knowledge by the judge of such a plan and the complaint was therefore properly dismissed. Harvey, 949 F.2d at 1133.

[2] Ordinarily, the Court might be inclined to permit leave to amend a complaint before dismissing, but plaintiff's current complaint contains a very complete recitation of the state court process and the Court can think of no possible amendment that would turn these events into a viable cause of action against these defendants under 42 U.S.C. § 1983.

prejudice.  The Clerk shall close the file.[3]

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of November, 2013.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
pro se plaintiff

---

[3]Because of the Court's ruling, the Court need not take up plaintiff's motion to compel or motion to void the Court's Order, Doc. 14 and those motions (Docs. 15 & 17) are therefore moot.  For plaintiff's future reference, the Court always retains the ability to manage its own docket and while not every case calls for the suspension of case management while another motion is pending, where the motion, if granted, will likely dispose of the case, the Court will often suspend those deadlines- even without the parties' agreement.